872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benson Luther LITTLE, III, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7510.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 10, 1989.
Decided March 13, 1989.
 
 Benson Luther Little, III, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for appellees.
 Before ERVIN, Chief Judge, and MURHAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benson Luther Little, III, a North Carolina inmate, appeals the dismissal of his 28 U.S.C. Sec. 2254 petition. We vacate and remand for the reasons below.
 
 
 2
 The case was referred to a magistrate for a report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). On November 29, 1988, the magistrate filed a recommendation that the petition be dismissed and attached a notice to the report informing Little that he had 10 days from November 29, 1988, to file objections to the report and that failure to do so might waive his right to appeal. In an order filed December 22, 1988, the district court noted that no objections to the magistrate's recommendation had been timely filed and adopted the magistrate's recommendation without a de novo review. On January 13, 1989, Little filed a document, signed December 1, 1988, and labeled "Notice of Appeal," which clearly appealed the magistrate's recommendation, not the district court's order.
 
 
 3
 An indigent prisoner's pro se pleadings are entitled to a liberal construction. Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Thus, a notice of appeal filed within the objection period may be construed as an objection to the magistrate's report, requiring de novo review by the district court, see 28 U.S.C. Sec. 636(b)(1), and preserving appellate review in this Court, see United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).
 
 
 4
 Although Little's notice of appeal from the magistrate's report was not formally filed in the district court within the objection period, under Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428), a prisoner's notice of appeal is deemed filed when delivered to prison officials for mailing. Little signed his notice of appeal two days after issuance of the magistrate's report, and the notice of appeal carries a date-stamp, of unknown origin, which is within the objection period. As it thus appears that Little's notice of appeal may have been filed within the objection period under the filing rule of Houston v. Lack, we remand this case to the district court for further proceedings. If the district court determines that Little's notice of appeal was received by prison authorities, postal employees, or officers of the district court within the objection period, the court should construe the notice of appeal as a timely objection to the magistrate's report and conduct the required de novo review. If Little's notice of appeal was not so received within the objection period, the district court should reinstate its dismissal.
 
 
 5
 A certificate of probable cause to appeal is granted, the judgment vacated, and the case remanded. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.